# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Crim. No. 11-59 |
| | ) | |
| KELLY CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

Pending before the Court is Defendant Kelly Craig's Motion to Amend Restitution Order [ECF#35]. Ms. Craig was convicted of violating 42 U.S.C. § 408(a)(5) (conversion of social security benefits) and 18 U.S.C. § 641 (theft of government property). By said Motion, Ms. Craig seeks that this Court amend the Judgment entered against Ms. Craig as follows: "Ms. Craig requests that this Court enter an order amending the conditions of restitution to direct the SSA to take no more than $42.25 per month from Ms. Craig's monthly benefits. This amount represents approximately 5% of her current social security." Motion, ¶ 7. Currently, the Judgment reads: "The defendant shall pay restitution by this judgment and that remains unpaid at the commencement of the term of probation at a rate of not less than 5 percent of her gross monthly income."

In support of her contention, Defendant cites to 18 U.S.C. §3664(k) and (f)(3) and 18 U.S.C. § 3563(c). Pursuant to 18 U.S.C.§3664(k) "Upon receipt of the notification[of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution,] the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of

justice require. Pursuant to 18 U.S.C.§3664(f)(3):

> (A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>
> (B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Pursuant to 18 U.S.C. § 3563(c): "The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation."

The Government objects to Defendant's Motion. See Government's Response to Motion to Amend Restitution Order. In support of its objection, it cites to United States v. Brown, 2012 WL 75105 (W.D. Pa. Jan. 10, 2012). Id. at ¶ 4. In Brown, the Defendant, who was serving a sentence of probation after being convicted of theft of government property (said property being Social Security benefits which she fraudulently obtained), in violation of 18 U.S.C. §641, had requested that the Court's Judgment be modified to permit the Social Security Administration to take only ten (10) percent of her gross income. Id. at *1. Judge Fischer found that the defendant had demonstrated that she had a material change in financial circumstances affecting her ability to pay restitution, and that the restitution order could be amended to reflect that the amount of restitution due was a fixed percentage of the defendant's gross income rather than an amount due "not less than" the percentage amount. Id. at **2-3. Judge Fischer further held, however, that the court did not have any authority to restrict the Social Security Administration from using other

2

collection methods to recoup the fraudulently obtained funds from the defendant. In so holding, she explained:

> This Court lacks jurisdiction to enjoin the Social Security Administration from collecting the overpaid sums pursuant to valid federal regulations and policies. Thus, to the extent that the Social Security Administration continues to withhold the entirety of the Defendant's benefit checks, despite the Court's change in language, any challenge to same is more appropriately brought directly to the agency pursuant to the applicable administrative processes and procedures, rather than to this Court's attention.

Id. at **3-4 (citations omitted).

As was the case in Brown, the amendment sought by Ms. Craig would enjoin the Social Security Administration from collecting the overpaid sum pursuant to valid federal regulations and policies. Therefore, we lack jurisdiction to amend the Judgment Order as requested by Defendant and her Motion cannot be granted as she requests. We can, and will, however, amend our Judgment Order to state, as suggested by the Government in its Response, that: "The defendant shall pay restitution that is imposed by this Judgment and that remains unpaid at the commencement of the term of probation at a rate of five percent (5%) of her gross monthly income."

An appropriate Order follows.

August 27, 2012

*[signature]*
Maurice B. Cohill, Jr.
Senior District Court Judge